HON. EDWARD F. SHEA

MARC ROSENBERG
LEE SMART, P.S., INC.
1800 One Convention Place
701 Pike Street
Seattle, WA  98101-3929
(206) 624-7990
Attorneys for Defendants

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON AT SPOKANE

CURTIS J. COOK, and all other
Washington residents who hold
similar claims against the
Defendant,

        Plaintiffs,

      vs.

BISHOP, WHITE, MARSHALL
& WEIBEL, P.S.,

        Defendants.

No. CV-10-320-EFS

DEFENDANT'S MEMORANDUM
IN SUPPORT OF MOTION
TO DISMISS UNDER
FED. R. CIV. P. 12(b)(6)

NOTED FOR HEARING:
JANUARY 28, 2011 AT 6:30 PM

## I. INTRODUCTION

Pursuant to Fed. R. Civ. P. 12(b)(6), defendant Bishop, White, Marshall & Weibel, P.S. ("Bishop") moves to dismiss the complaint filed by plaintiff Curtis J. Cook ("Cook") because:

(1) Representations in a Cost Bill made to a superior court and responded to by an attorney do not fall under the federal Fair Debt Collection Practices Act ("FDCPA");

(2) Even if requests in a Cost Bill did fall under the FDCPA, the costs sought by Bishop are authorized by law and Cook's CardMember Agreement;

[1073394.DOC]
DEFENDANT'S MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS
UNDER FED. R. CIV. P. 12(b)(6) - 1
CV-10-320-EFS

LEE·SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

1    (3) It is bad policy to permit FDCPA claims to be brought simply because
2    a judge has not granted every item sought in a Cost Bill filed with the court.

3                                    **II. FACTS**

4    Under the relevant authority, the facts in a Rule 12(b)(6) motion are limited
5    to the allegations in the complaint, documents incorporated into the complaint by
6    reference, and matters that may be judicially noticed. *See Tellabs, Inc. v. Makor*
7    *Issues & Rights, Ltd.*, 551 U.S. 308, 127 S. Ct. 2499, 2509, 168 L. Ed. 2d 179
8    (2007) (citing 5B Wright & Miller § 1357 (3d ed. 2004 and Supp. 2007)); *Metzler*
9    *Inv. GMBH v. Corinthian Colleges, Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008).
10   Without converting this into a summary judgment motion, under Evidence Rule
11   201, this court may take judicial notice of proceedings in Spokane County Superior
12   Court and documents filed therein that are referenced in the Complaint. *Bennett v.*
13   *Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002) (a district court "may take
14   notice of proceedings in other courts, both within and without the federal judicial
15   system, if those proceedings have a direct relation to matters at issue") (quoting
16   *United States ex rel. Robinson Rancheria Citizens Council v. Borneo*, 971 F.2d
17   244, 248 (9th Cir. 1992)).

18   In conformity with relevant legal authority regarding Rule 12(b)(6) motions,
19   Bishop provides facts below based on the complaint in this case and documents
20   from the proceedings in Spokane County Superior Court, cause no. 10-2-00492-5,
21   which Bishop requests to be judicially noticed, pursuant to Fed. R. Evid. 201.

22   **A.    Bishop did not take collections action, but merely sought costs on**
     **behalf of a clients after prevailing against Cook in superior court.**
23
24   On February 5, 2010, Bishop filed a complaint in Spokane County
25   Superior Court, cause no. 10-2-00492-5, on behalf of a client, Stonecreek

{1073394.DOC}
DEFENDANT'S MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS
UNDER FED. R. CIV. P. 12(b)(6) - 2
CV-10-320-EFS

L E E · S M A R T
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

1  Financial, seeking repayment of $ 1,072.72 plus interest that Cook had failed to

2  pay. Complaint (Dkt. # 1) at ¶ 6. *See also* Ex. 1 Underlying Complaint].[1]

3      On May 27, 2010, Bishop filed a summary judgment motion on behalf of

4  its client, together with a cost bill. Complaint (Dkt. # 1) at ¶ 8. *See also* Ex. 2

5  [Cost Bill].  The summary judgment is not attached here because it is undisputed

6  that Cook owed this money and that judgment was subsequently properly entered

7  on this principal amount.  The only dispute related to $73 for the cost to record

8  the judgment ($66) and a certified copy fee ($7).

9      The summary judgment motion was supported by an Affidavit, attached to

10  which is a Cardmember Agreement between Cook and Bishop, which states: "**if**

11  **you are in default because you have failed to pay us, you will pay our**

12  **collection costs, attorney fees, court costs, and all other expenses of enforcing**

13  **our rights under this agreement**." Ex. 3 at 3 [Affidavit, with Cardmember

14  Agreement] (emphasis added).[2]  Thus, the Cardmember Agreement provides for

15  the $73 dollars in requested costs that Cook is currently challenging as in

16  violation of the FDCPA.

17      On June 25, 2010, attorney Timothy W. Durkop, on behalf of Cook,

18  objected to $73 requested for the recording cost and certified copy fee. Complaint

19  (Dkt. # 1) at ¶ 9. *See also* Ex. 4 [Durkop's objection].

20      On July 2, 2010, attorney Timothy W. Durkop, on behalf of Cook, filed a

21  Memorandum Regarding Costs and Attorney Fees.  Ex. 5 [Durkop Memo].  In

22

23     [1] All exhibits are attached to the Declaration of Marc Rosenberg Attaching

24  Document to Be Judicially Noticed.

   [2] Only the Cardmember Agreement is attached.  Other documents attached to

25  the Affidavit in superior court but not necessary for this motion are omitted.

{1073394.DOC}
DEFENDANT'S MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS
UNDER FED. R. CIV. P. 12(b)(6) - 3
CV-10-320-EFS

LEE·SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

this Memo, Mr. Durkop primarily argued to the superior court judge that the recording cost and certified copy fee is prospective, and not properly awardable.

On August 9, 2010, Bishop filed a Memorandum Regarding Costs and Attorney Fees. Ex. 6 [Memo]. Bishop argued that RCW 4.84.010 is not exhaustive and provides for costs "otherwise authorized by law," and indicated that the $73 for recording costs and certified copy fee is awardable under the parties agreement, that there is no authority forbidding the award, that the amount sought can be specifically determined and that, in the interests of judicial economy, that the court should award the amount rather than requiring a second additional hearing after the judgment had been recorded.

On August 11, 2010, attorney Timothy W. Durkop, on behalf of Cook, filed a Reply Memorandum Regarding Costs and Attorney Fees. Ex. 7 [Durkop Reply]. Mr. Durkop again argued to the superior court judge that that the recording cost and certified copy fee is prospective, and not properly awardable until the judgment is recorded, which occurs very soon after entry of judgment.

On August 13, 2010, the superior court granted most of the costs requested in the cost bill, but denied two items on the cost bill, a certified copy fee and recording costs equaling $ 73. Ex. 8 [Order].

On August 20, 2010, Cook filed this lawsuit, seeking $3,285,000.00 based on the superior court's denial of the $73 for the requested recording cost and certified copy fee. Complaint (Dkt. # 1) at ¶ 32.

On September 9, 2010, Bishop, on behalf of its client, appealed the court's denial of these fees. Ex. 9 [Notice of Appeal]. The appeal is currently pending.

On September 30, 2010, Bishop obtained a certified copy of the judgment, recorded the judgment, and accrued $73 thereby, which is exactly the amount of

[1073394.DOC]
DEFENDANT'S MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS
UNDER FED. R. CIV. P. 12(b)(6) - 4
CV-10-320-EFS

LEE·SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

1  costs it requested and is at issue in this case. Ex. 10 [Proof of Recorded Judgment

2  and Payment].

### III. POINTS AND AUTHORITIES

3

4      **A.      Standard under Rule 12(b)(6).**

5          On a motion made pursuant to Fed. R. Civ. P. 12(b)(6), the facts before the

6  court are limited to the plaintiffs' allegations, construed in a light most favorable to

7  the plaintiffs, "documents incorporated into the complaint by reference, and

8  matters of which a court may take judicial notice." *See Tellabs, Inc.*, 127 S. Ct. at

9  2509; *Metzler Inv. GMBH*, 540 F.3d 1049 (9th Cir. 2008).   The court is not

10  required to accept "legal conclusions cast in the form of factual allegations if those

11  conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult*

12  *Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).   In addition, the court

13  does not need to accept as true allegations contradicting documents that are

14  referenced in the complaint or that are properly subject to judicial notice. *Lazy Y*

15  *Ranch LTD v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008).   The Court should

16  dismiss a complaint under Rule 12(b)(6) if a plaintiff cannot prove a set of facts to

17  support a claim which would entitle him to relief. *Sprewell v. Golden State*

18  *Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

19          While a complaint attacked by a Rule 12(b)(6) motion to dismiss
20          does not need detailed factual allegations, a plaintiff's obligation to
            provide the grounds of his entitlement to relief requires more than
21          labels and conclusions, and a formulaic recitation of the elements of a
            cause of action will not do.
22

23  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955 (2007).

24

25

{1073394.DOC}
DEFENDANT'S MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS
UNDER FED. R. CIV. P. 12(b)(6) - 5
CV-10-320-EFS

**L E E · S M A R T**
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

**B.**     **The court should dismiss Cook's claim under 15 U.S.C. § 1692f.**

      **1.**     **Cook's sole claim under 15 U.S.C. § 1692f(1) is based on the superior court's denial of two items on a cost bill submitted to the court.**

Cook's sole claim under the FDCPA is based on 15 U.S.C. § 1692f(1), which in turn is based solely on the erroneous proposition that Bishop violated the FDCPA by seeking recording and certified copy fees in a Cost Bill.  Dkt. # 1 [Complaint] at ¶¶ 8-11, 27-28.  Cook alleges that requesting an award from the court for these fees constituted attempting to collect an amount that is not "expressly authorized by the agreement creating the debt or permitted by law."

Cook's claim fails as a matter of law because:

(1) Representations in a Cost Bill made to a superior court and responded to by an attorney do not fall under the FDCPA;

(2) Even if requests in a Cost Bill did fall under the FDCPA, the costs sought by Bishop are authorized by law and Cook's CardMember Agreement;

(3) It is bad policy to permit FDCPA claims to be brought simply because a judge has not granted every item sought in a Cost Bill filed with the court.

      **2.**     **Representations in a Cost Bill made to a superior court and responded to by an attorney do not fall under the FDCPA.**

Bishop's request for attorneys' fees was directed to a superior court, as opposed to Cook, and so is not actionable under the FDCPA.  Many courts have held that a debt collector's request for costs, including attorneys' fees, directed to the court in its pleadings is not an actionable representation under the FDCPA.

In holding that it was "abundantly clear" that such a fee request is not actionable under the FDCPA, the court in *Argentieri v. Fisher Landscapes*, 15 F. Supp. 2d 55 (D. Mass. 1998), provided a succinct justification for applying such

{1073394.DOC}
DEFENDANT'S MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS
UNDER FED. R. CIV. P. 12(b)(6) - 6
CV-10-320-EFS

LEE·SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

1   a rule: A prayer for relief in a complaint, even where it specifies the quantity of

2   attorney's fees, is just that: a request to a third party-the court-for consideration,

3   not a demand to the debtor himself. *Id.* at 61-62.  As the *Argentieri* court held:

4
        The Senate Report, indicating the need for the legislation, described
5       these practices:

6           Collection abuse takes many forms, including obscene or
7           profane language, threats of violence, telephone calls at
            unreasonable hours, misrepresentation of a consumer's legal
8           rights, disclosing a consumer's personal affairs to friends,
9           neighbors, or an employer, obtaining information about a
            consumer through false pretense, impersonating public
10          officials and attorneys, and simulating legal process.

11      S. Rep. 95-382. To put an end to such practices, the Act prohibited
12      "unfair or unconscionable means" to attempt to collect on a debt.
        Not surprisingly, neither the statute nor the legislative history
13      explicitly state whether or not a statement made in a pleading to a
14      court can constitute an unfair or unconscionable means.

15      However, it is abundantly clear to me that a request for attorney's
16      fees under the circumstances of this case does not violate the
        FDCPA. A prayer for relief in a complaint, even where it specifies
17      the quantity of attorney's fees, is just that: a request to a third party -
18      the court - for consideration, not a demand to the debtor himself.  A
        request for attorney's fees ultimately rests upon the discretion of the
19      court and a determination of applicability at a later stage of the
20      litigation. The whole purpose of regulating debt collection was to
        "supervise" a range of unsupervised contacts, such as demand letters
21      and late-night telephone calls. In contrast, a statement in a pleading
22      is supervised by the court and monitored by counsel. The two
        situations are drastically different.

23  *Argentieri*, 15 F. Supp. 2d at 61-62.

24

25

{1073394.DOC}
DEFENDANT'S MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS
UNDER FED. R. CIV. P. 12(b)(6) - 7
CV-10-320-EFS

LEE·SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

1       Likewise, in *Guerrero v. RJM Acquisitions LLC*, 499 F.3d 926 (9th Cir.

2 2007), the Ninth Circuit held that when the debt collector ceases contact with the

3 debtor, and instead communicates with an attorney hired to represent the debtor,

4 the FDCPA's strictures no longer apply to those communications. *Id*. at 939. The

5 Ninth Circuit noted that "it appears that Congress viewed attorneys as

6 intermediaries able to bear the brunt of overreaching debt collection practices

7 from which debtors and their loved ones should be protected." *Id*. at 935. *See*

8 *also id.* at 939. In this case, the Cost Bill was a representation made to the

9 superior court and responded to by Cook's counsel. As such, it was a request to a

10 third party - the court - for consideration, not a demand to the debtor himself, and

11 the FDCPA does not apply.

12       *Heintz v. Jenkins*, 514 U.S. 291, 115 S. Ct. 1489, 131 L. Ed. 2d 395 (1995),

13 does not preclude *Guerrero's* reading of the FDCPA's application. In holding that

14 lawyers who regularly, through litigation, try to collect consumer debts are

15 included in the FDCPA's definition of "debt collector," 514 U.S. at 292, *Heintz*

16 did not indicate that all litigation activities are covered under the FDCPA.

17 Moreover, while the communication in *Heintz* "happened to be sent to a debtor's

18 counsel," *Guerrero*, 499 F.3d at 937 (citing *Heintz*, 514 U.S. at 293), "neither the

19 Court nor the parties addressed the issue" confronted in *Guerrero*, *id*. at 937-38,

20 and therefore *Heintz* offers no "precedential holdings" on this "non-litigated

21 issue[],". *Id*. at 938 (quoting *Sakamoto v. Duty Free Shoppers, Ltd*., 764 F.2d

22 1285, 1288 (9th Cir. 1985)). *See also Medialdea v. Law Office of Evan L*

23 *Loeffler PLLC*, 2009 U.S. Dist. LEXIS 93054 (W.D. Wash. 2009).

24       In *Gaisser v. Portfolio Recovery Assocs., LLC*, 571 F. Supp. 2d 1273 (S.D.

25 Fla. 2008), the applicable contract included a provision whereby the consumer

[1073394.DOC]
DEFENDANT'S MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS
UNDER FED. R. CIV. P. 12(b)(6) - 8
CV-10-320-EFS

LEE·SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

agreed to pay collection costs "including, but not limited to, reasonable attorney's fees and court costs". *Id.* at 1278. The complaint included a provision stating that in the event the matter was resolved by way of default a reasonable attorney's fee would be $ 750, but in a fee request to the court, the prevailing attorney stated in a declaration: "I have reviewed the above referenced case file and believe that $ 500 would be a reasonable fee for the services rendered." Plaintiff sued claiming that the attorney sought a greater amount than permitted. The *Gaisser* court dismissed the claim, indicating that "the amounts were recommendations or suggestions, and the state court had discretion to award fees based on its own evaluation of the facts." *Id.* at 1279. Likewise, here, the Cost Bill suggested to the superior court certain sums, and the state court had discretion to award the costs based on its own evaluation of the facts.

In *Cook v. Hamrick*, 278 F. Supp. 2d 1202, 1204 (D. Colo. 2003), the court concluded that a demand for attorney's fees in the eviction action and any right the landlord had to such fees "would have arisen out of the legal proceedings in the eviction action and not out of any consumer transaction with Cook. *Id.* at 1205. Therefore, the court held that the demand for attorney's fees did not constitute a "debt" or a communication regarding a "debt" and the FDCPA was inapplicable. *Id.*

While this issue arises generally in the context of attorney fees, many courts have found that requests for costs, including attorney fees, made in a pleading to the court is not an activity subject to the FDCPA. *See e.g., Sayyed v. Wolpoff & Abramson, LLP*, 2010 U.S. Dist. LEXIS 86546 at *31-34 (D. Md. Aug. 20, 2010) ("debt collector's request for attorneys' fees directed to the court in its pleadings is not an actionable representation under the FDCPA"); *Kline v.*

{1073394.DOC}
DEFENDANT'S MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS
UNDER FED. R. CIV. P. 12(b)(6) - 9
CV-10-320-EFS

LEE·SMART

P.S., Inc. · Pacific Northwest Law Offices

1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

1   *Mortgage Elec. Sec. Sys.*, 659 F. Supp. 2d 940, 948-49 (S.D. Ohio 2009)
2   (adopting the Ninth Circuit's holding in *Guerrero*); *Reyes v. Kenosian & Miele,*
3   *LLP*, 619 F. Supp. 2d 796, 808 (N.D. Cal. 2008) (holding a request for attorney
4   fees did not violate the FDCPA since an allegation of an alternative statutory
5   basis for an award of attorney fees that is not unlawful does not violate the
6   FDCPA); In *Bankr. Estate of Bull v. Asset Acceptance, LLC*, 444 F. Supp. 2d 946
7   (N.D. Ind. 2006) (FDCPA action was dismissed because collectors state
8   collection complaint sought attorneys' fees did not violate FDCPA where debtor
9   entered into credit card agreement requiring him to pay reasonable attorney's fees
10  in collection of any amounts he owed under agreement); *Cisneros v. Neuheisel*
11  *Law Firm, P.C.*, 444 F. Supp. 2d 946, 950 (N.D. Ind. 2006) (noting that if an
12  agreement authorizes collection of reasonable attorney fees, a request for a
13  specific amount is not actionable under the FDCPA); *Rael v. Davis*, 2006 U.S.
14  Dist. LEXIS 60786 (S.D. Ind. 2006) (holding that "even though there was no
15  contractual basis for the fee request and a fee award may have been unlikely
16  given the limited exceptions to the American Rule regarding payment of fees …
17  the mere request for attorney's fees did not violate the FDCPA").

18      Similarly, 15 USCS § 1692g(d) states: "Legal pleadings. A communication
19  in the form of a formal pleading in a civil action shall not be treated as an initial
20  communication for purposes of subsection (a)."  The Cost Bill submitted to the
21  superior court, Ex. 2, was the initial request for payment of the recording cost and
22  certified copy fee.   Since this Cost Bill was "a formal pleading in a civil action,"
23  it is not a "communication" for purposes of the FDCPA, and therefore, not
24  actionable under the FDCPA.  *See Cook v. Hamrick*, 278 F. Supp. 2d 1202, 1205
25  (D. Colo. 2003) ("Because the prayer for attorney fees at issue in this case …

{1073394.DOC}
DEFENDANT'S MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS
UNDER FED. R. CIV. P. 12(b)(6) - 10
CV-10-320-EFS

**LEE·SMART**
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

would have arisen out of the legal proceedings in the action for unlawful detainer and not out of any consumer transaction with Cook, it does not constitute a "debt" or a communication regarding a "debt" and the FDCPA does not apply").

Courts hold that costs and attorney fees requested in court pleadings do not fall under the FDCPA because such the representations are made to the court and the debtor, and the concerns upon which the FDCPA is grounded are not present when the court and debtor's counsel are interposed as intermediaries in the action. The court should dismiss Cook's FDCPA claim.

> ### 3. Even if requests in a Cost Bill did fall under the FDCPA, the costs sought by Bishop are authorized by law and Cook's CardMember Agreement.

Even if the Cost Bill did fall under the FDCPA, the $73 in costs sought by Stonecreek Financial and requested by Bishop were authorized by Cook's CardMember Agreement and, therefore, by law.

> The right to costs, generally, is statutory. However, this is true only in the absence of an agreement concerning costs between the parties. Thus, where the parties have entered into an agreement regarding costs, the costs are "otherwise authorized by law." RCW 4.84.010.

*Ernst Home Ctr. v. Sato*, 80 Wn. App. 473, 491, 910 P.2d 486 (1996) (citations omitted).

The Cardmember Agreement between Cook and Stonecreek Financial states: "**if you are in default because you have failed to pay us, you will pay our collection costs, attorney fees, court costs, and all other expenses of enforcing our rights under this agreement**." Ex. 3 at 3 (emphasis added).  There is no dispute that Cook defaulted on his payments.  The Agreement provides that Stonecreek Financial is entitled to collection costs and "all other expenses" to

{1073394.DOC}
DEFENDANT'S MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS
UNDER FED. R. CIV. P. 12(b)(6) - 11
CV-10-320-EFS

LEE·SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

1    enforce its rights under the Agreement.  Recording a judgment and receiving a
2    certified copy is an expense necessary in enforcing Stonecreek's rights under the
3    Agreement, since only through recording does a judgment become a lien on a
4    homestead property. RCW 6.13.090; *In re Deal*, 85 Wn. App. 580, 933 P.2d 1084
5    (1997).  Bishop recorded the judgment and accrued the costs of that and obtaining
6    a certified copy.  Ex. 10.   Therefore, the $73 challenged by Cook is a cost
7    permitted under the Agreement, and therefore by law.

8        Cook, however, alleges that Bishop violated Section 1692f(1) by seeking
9    $73 in recording costs and certified copy fees; however, a claim is not actionable
10   under the FDCPA when the cost sought is authorized by law or the agreement
11   creating the debt since, under the plain language of the statute, collection of both
12   amounts expressly authorized by a loan agreement, as well as additional amounts
13   as permitted by law, does not contravene § 1692f(1).  *Rizzo v. Pierce & Assocs.*,
14   351 F.3d 791, 794 (7th Cir. 2003) (FDCPA was not violated where reinstatement
15   provision of lender's mortage loan required borrowers to pay late fees for post-
16   acceleration to pre-reinstatement period); *Shapiro v. Riddle & Assocs., P.C.*, 351
17   F.3d 63 (2nd Cir. 2003) (court granted collector's summary judgment motion
18   where agreement between debtor and collector's client permitted reasonable charge
19   if creditor had to employ collector or attorney); *Popson v. Galloway*, 2010 U.S.
20   Dist. LEXIS 75960 at *19-20 (W.D. Pa. 2010) (plaintiff did not state a claim under
21   Section 1692(f)(1) where he did not show that the amount sought was not
22   permitted under the agreement); *Howard v. Pinnacle Credit Servs., LLC*, 2010 U.S.
23   Dist. LEXIS 62739 at *11-12 (M.D. Ga. 2010) (same).

24       In *Transamerica Fin. Servs., Inc. v. Sykes*, 171 F.3d 553, 555 (7th Cir.
25   1999), the Seventh Circuit even held that the FDCPA is not applicable where an

{1073394.DOC}
DEFENDANT'S MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS
UNDER FED. R. CIV. P. 12(b)(6) - 12
CV-10-320-EFS

LEE·SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

agreement provides for amounts sought, even if the plaintiff challenges the contract itself as a forgery.  While other claims may apply in such a situation, if the Agreement provides for recovery of such fees, then the debt collector may seek them.  Of course, there is no claim here that the CardMember Agreement, Ex. 3, is a forgery, and Cook does not allege that the CardMember Agreement does not apply to this case.

While it may ultimately be found that, in Washington, a judge has discretion to award or deny future costs on a case-by-case basis, there is not any published Washington legal authority, either statutory or case law, which stands for the proposition that prospective costs cannot be awarded as a matter of law.  Thus, even if there has been a denial of future costs in this case, such denial of future costs it is not a violation of the FDCPA.

Also, while there does not appear to be Washington law regarding whether courts can award future costs to enforce a judgment, it is of note that in our sister state of Oregon, Oregon Rule of Civil Procedure 68(A)(2) and (B) speaks in terms of "expenses incurred," similar to RCW 4.84.010 and RCW 4.84.330; however Oregon courts unambiguously hold that future costs to enforce a judgment are legal services related to the prosecution or defense of an action, which the court may consider when it awards attorney fees. *See Johnson v. Jeppe*, 77 Ore. App. 685, 688, 713 P.2d 1090 (1986) ("[t]he enforcement of a judgment and final collection of money due are 'legal services related to the prosecution or defense of an action,' and may be considered in awarding attorney fees"); *Maresh & Maresh*, 193 Ore. App. 69, 76, 87 P.3d 1154 (2004) ("the legislature contemplated that judicial proceedings that are supplemental to – that is, that follow – the final judgment in a dissolution action are part of 'such suit.'"); *Van Dyke v. BTS Container Serv.*, 2010 U.S. Dist. LEXIS 324 at *2 (D. Or. 2010) (citing *Jeppe*).

{1073394.DOC}
DEFENDANT'S MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS
UNDER FED. R. CIV. P. 12(b)(6) - 13
CV-10-320-EFS

LEE·SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

1    In addition, in the Ninth Circuit, prospective costs are expressly permitted by

2  the courts.  *See e.g., Adray v. Adry-Mart, Inc*., 76 F.3d 984, 989 (9th Cir. 1996)

3  ("Prospective costs may be difficult to determine precisely and present a danger of

4  overcompensation if they exceed the value of the mark; however, the burden of any

5  uncertainty in the amount of damages should be borne by the wrongdoer") (citation

6  omitted); *Mirage Resorts v. Cybercom Prods*., 228 F. Supp. 2d 1141, 1142 (D.

7  Nev. 2002) ("the Ninth Circuit not only approved awarding prospective costs for

8  corrective advertising, but placed the burden for showing that such an award

9  amounts to overcompensation on the wrongdoer").[3]

10    The fact is that the CardMember Agreement informed Cook that if he

11  defaulted he would be required to reimburse Bishop for all collection costs and all

12  other expenses of enforcing the agreement.   This is clear, unambiguous language.

13  It means all costs - every cost – so long as it relates to enforcing the agreement.

14  Thus, even if costs sought in a petition to the court did fall under the FDCPA,

15  which it does not, as reflected above, the costs sought by Bishop are permitted

16  under the Agreement, and therefore by law, whether at a first hearing or

17  supplemental hearing.

18                    **4.    It is bad policy to permit FDCPA claims to be brought
                          simply because a judge has not granted every item sought in
19                          the cost bill.**

20    The FDCPA was not created to punish attorneys after they prevail on a

21  case and seek to recover costs of the litigation on behalf of their client, and it is

22  bad policy to permit such claims simply because a judge has not granted every

23

24    [3] Courts in some jurisdictions appear to have declined to award prospective
    costs where there was a chance of overcompensation.  That is not an issue here as
25  the $73 sought was certain, and has, in fact, been accrued in this exact amount.

{1073394.DOC}
DEFENDANT'S MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS
UNDER FED. R. CIV. P. 12(b)(6) - 14
CV-10-320-EFS

**LEE∙SMART**
P.S., Inc. ∙ Pacific Northwest Law Offices
1800 One Convention Place ∙ 701 Pike Street ∙ Seattle ∙ WA ∙ 98101-3929
Tel. 206.624.7990 ∙ Toll Free 877.624.7990 ∙ Fax 206.624.5944

1    item on a cost bill.  This is especially so where compelling an attorney to return

2    for a second hearing to recover $73 in recording costs and certified copy fees will

3    also have the effect of increasing the attorney fees that the debtor will have to pay

4    for this second hearing.  In addition, requiring two hearings for recovery of a

5    definite amount of costs is contrary to principals of judicial economy.

6         This court may consider the pertinent opinion in *Bailey v. Security Nat'l*

7    *Servicing Corp.*, 154 F.3d 384 (7th Cir. 1998).

> Congress allowed for class actions under the Fair Debt Collection
> Practices Act, 15 U.S.C. § 1692k(a)(2)(B). No doubt some flagrant
> abuses by debt collectors are held in check by the collective effort of
> those who are abused. But the law can be abused just as easily by
> attorneys who use debtors to allege and test the most minute
> violations of a concededly intricate statutory scheme. … Class
> actions can benefit plaintiffs by getting a lawyer interested in taking
> on what individually comes close to a small claims case (no more
> than $ 1000 for each transgression, *see* 15 U.S.C. § 1692k(a)(2)(A)),
> but litigation is costly to all concerned and uses judicial resources as
> well. The law would be best served by challenging clear violations
> rather than scanning for technical missteps that bring minimal relief
> to the individual debtor but a possible windfall for the attorney.

17   *Id.* at 388.

18        In this case, Cook was not damaged.  It is undisputed that Cook did owe the

19   principal debt under his Agreement, as well as all other amounts in the judgment,

20   and he did not pay the $73 in recording cost and certified copy fee.[4]  Cook does

21   not claim harassing practices by Bishop.  Nor does Cook allege a violation other

---

[4] Bishop is aware that these specific damages are not required in an FDCPA
action, so that no red herring argument should be made in this regard.  However,
this court may consider that Cook has not been damaged, and that this action over
$73 is of more benefit to plaintiff's counsel than to Cook himself.

LEE·SMART

P.S., Inc. · Pacific Northwest Law Offices

1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

1   than that Bishop requested $73 from the superior court in a Cost Bill.  Attorneys
2   are advocates for their clients; and as an advocate are obligated to conscientiously
3   and ardently assert the client's position under the rules of the adversary system.
4   RPC, Preamble (2).  It is not good policy to permit courts to be clogged with class
5   action lawsuits based on denial of small amounts of money, where no substantial
6   interest is protected, and the primary benefit is to plaintiff's counsel.

7       First, it is a burden on the practice of law to permit suits against attorneys
8   for amounts requested by prevailing counsel in fee petitions.

9       Even if there is a way for an attorney who has filed an attorney's fees
10      motion in good faith and lost to escape liability, placing the burden on him
        to prove that he did not intentionally misrepresent the amount of the debt
11      imposes a potentially hefty cost to filing a rather routine motion. …
12      Especially when that motion has been heard by a judicial officer who has
        determined the fair amount of the debt, the application of the FDCPA to
13      litigating activities seems to miss the FDCPA's target of "abusive debt
14      collection practices," 15 U.S.C. § 1692(e). Cf. *Jenkins v. Heintz*, 25 F.3d
        536, 538 (7th Cir. 1994) ("Obviously, Congress did not intend to eliminate
15      all debt collection practices, only those which it considered unfair").

16  *Medialdea v. Law Office of Evan L Loeffler PLLC*, 2008 U.S. Dist. LEXIS 109013
17  at *20-21(W.D. Wash. 2008) (dismissing some claims under Fed. R. Civ. P.
18  12(b)(6)) (lawsuit subsequently dismissed entirely on summary judgment in
19  *Medialdea v. Law Office of Evan L Loeffler PLLC*, 2009 U.S. Dist. LEXIS 93054
20  (W.D. Wash. 2009), based primarily on *Guerrero*, 499 F.3d 926 (9th Cir. 2007)).

21      In short, Congress did not intend the FDCPA to be applied merely where a
22  prevailing attorney requests $73 from the court in a motion for costs.

23      Second, it will ultimately cost the debtor a greater amount if the creditor's
24  attorney is required to seek the nominal costs in a second hearing that requires
25

{1073394.DOC}
DEFENDANT'S MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS
UNDER FED. R. CIV. P. 12(b)(6) - 16
CV-10-320-EFS

LEE·SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

1  additional pleading and a second court attendance.  The only argument by Cook is

2  that the $73 was a prospective cost, and that Bishop could not obtain a judgment

3  for it at the time of the first hearing.  There is no dispute that Bishop can obtain a

4  supplemental judgment against the debtor for the $73 once the cost has been

5  accrued.  It is bad policy to require Bishop to go back and get a supplemental

6  judgment against the debtor for this $73, since the debtor will also be required to

7  pay the additional attorney fees necessary to obtain this supplemental judgment.

8  Thus, it is bad policy to require a second hearing on this nominal amount, and bad

9  policy to permit an FDCPA claim on this nominal amount, which is permitted

10 under law and the contract, but where the court has merely found that the timing

11 of the entry of judgment is not correct.

12     Third, it is contrary to the principals of judicial economy to require a

13 second hearing to award nominal costs that are amenable to exact calculation and

14 which are certain to be accrued within days of the judgment.  It is no secret that

15 many courts are taxed with overcrowded dockets.  Thus, it is bad policy and a

16 waste of judicial resources, and the time of attorneys, to require a supplemental

17 hearing for $73 that can be exactly calculated and is certain to accrue soon after

18 the entry of judgment.

19     Bishop has appealed the superior court's ruling on denial of the $73, based

20 in part of policy considerations, which this court should also take into account.

21                        **IV. CONCLUSION**

22     This court should dismiss Cook's claim as a matter of law because:

23     (1) Representations in a Cost Bill made to a superior court and responded to

24 by an attorney do not fall under the FDCPA;

25

{1073394.DOC}
DEFENDANT'S MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS
UNDER FED. R. CIV. P. 12(b)(6) - 17
CV-10-320-EFS

LEE·SMART

P.S., Inc. · Pacific Northwest Law Offices

1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

(2) Even if requests in a Cost Bill did fall under the FDCPA, the costs sought by Bishop are authorized by law and Cook's CardMember Agreement;

(3) It is bad policy to permit FDCPA claims to be brought simply because a judge has not granted every item sought in a Cost Bill filed with the court.

Dated at Seattle, Washington, this October 15, 2010.

LEE SMART, P.S., INC.

By: s/ Marc Rosenberg
     Marc Rosenberg, WSBA No. 31034
     Of Attorneys for Defendant
     Bishop, White, Marshall & Weibel, P.S.

     1800 One Convention Place,
     701 Pike Street
     Seattle, WA 98101-3929
     Phone: (206) 262-8308,
     Fax: (206) 624-5944
     Email: mr@leesmart.com

{1073394.DOC}
DEFENDANT'S MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS
UNDER FED. R. CIV. P. 12(b)(6) - 18
CV-10-320-EFS

LEE·SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944