Honorable John C. Coughenour

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CURTIS J. COOK,

    Plaintiff,

  v.

BISHOP, WHITE, MARSHALL &
WEIBEL, P.S.,

    Defendant.

C10-1924-JCC

**ORDER**

This matter comes before the Court upon Defendant's motion to dismiss for failure to state a claim upon which relief can be granted. (Dkt. No. 4). In addition to Defendant's motion, the Court has also considered Plaintiff's response (Dkt. No. 22), Defendant's reply (Dkt. No. 24), and the parties' various supporting exhibits and declarations. Having therefore reviewed the record and determined that oral argument is unnecessary, the Court hereby GRANTS the motion for the reasons explained below. The Court therefore DISMISSES this matter with prejudice.

ORDER, C10-1924-JCC
Page 1

## I. BACKGROUND

This case deals with alleged violations of the Fair Debt Collection Practices Act. The alleged violations occurred during litigation in a separate case: Starting in February 2010, Bishop White *et al.* represented Stonecreek Financial Services in an action before the Spokane County Superior Court. Bishop White filed a complaint on Stonecreek's behalf to collect an unsecured consumer debt from Curtis Cook. In May 2010, the Spokane County Superior Court entered judgment against Curtis Cook for the relief requested in the complaint.

Bishop White thereafter submitted an affidavit of costs, seeking reimbursement for $382.50 in litigation costs. Included among these expenses were a $66 fee for recording the judgment and a $7 fee for securing a certified copy of the judgment. (Affidavit (Dkt. No. 7-1 at 5–6)). Curtis Cook promptly objected to the recording fee and the certified-copy fee. He argued that Bishop White had not yet incurred those fees, and that Bishop White was attempting to charge him for fees it would incur in the future. (Motion (Dkt. No. 7-1 at 19–25)). The Spokane County Superior Court apparently agreed with Curtis Cook, because the Court's final judgment includes hand-written annotations that deny the proposed recording fee and certified-copy fee. The final judgment was entered in August 2010. (Judgment (Dkt. No. 7-1 at 41–43)).

In September 2010, Bishop White obtained a certified copy of the judgment and recorded the judgment with the Spokane County Clerk. In doing so, Bishop White incurred a fee of $7 and a fee of $66, respectively. (Payment (Dkt. No. 7-1 at 51–53)).

### A. This Case

Plaintiff Curtis Cook commenced this case in August 2010. His complaint alleges that Defendant Bishop White violated the Fair Debt Collection Practices Act by seeking prospective costs in the affidavit of costs which it had presented to the Spokane County Superior Court. (Complaint 2–3 (Dkt. No. 3-1 at 4–5)). Plaintiff also sought class-action certification, arguing that there exists a class of

potentially fifteen thousand members who have been similarly harmed, and that the class is entitled to damages that total more than three million dollars. (*Id.* 6–11).

## II. LEGAL STANDARD

Motions to dismiss for failure to state a claim upon which relief can be granted are governed by Rule 12(b)(6) of the Federal Rules of Civil Procedure. A complaint will be dismissed for failure to state a claim when "it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). When considering such a motion, this Court accepts all factual allegations in the complaint as true, construing them in the light most favorable to the non-moving party. *Lapidus v. Hecht*, 232 F.3d 679, 682 (9th Cir. 2000). This Court properly refuses, however, to consider *legal conclusions* that are cast as factual allegations. *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994).

## III. RELEVANT LAW

The Fair Debt Collection Act protects debtors from the abusive practices of debt collectors. The Act generally provides that "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. The purpose of the Act is "to protect vulnerable and unsophisticated debtors from abuse, harassment, and abusive collection practices." *Guerrero v. RJM Acquisitions, LLC*, 499 F.3d 926, 938 (9th Cir. 2007) ("Congress was concerned with disruptive, threatening, and dishonest tactics," such as "threats of violence, telephone calls at unreasonable hours, and misrepresentation of a consumer's legal rights.").

Courts have generally held that averments contained in pleadings submitted to a court of competent jurisdiction are *not* debt-collections activities within the meaning of the Act. *See, e.g., Argentieri v. Fisher Landscapes, Inc.*, 15 F.Supp.2d 55, 61 (D. Mass. 1998) ("A prayer for relief in a complaint, even where it specifies the quantity of attorney's fees, is just that: a request to a third party—the court—for consideration, not a demand to the debtor himself."); *Gaisser v. Portfolio*

*Recovery Associates, LLC*, 571 F.Supp.2d 1273, 1279 (S.D. Fla. 2008) (finding that a pleading with a request for attorney fees is not a debt-collection activity within the meaning of the Act because "the state court had discretion to award fees based on its own evaluation of the facts"); *Cook v. Hamrick*, 278 F.Supp.2d 1202, 1204 (D. Colo. 2003) (finding that "a demand for attorney fees included in a formal complaint" is not a debt-collection activity within the meaning of the Act).

## IV.  DISCUSSION

Plaintiff's claim under the Fair Debt Collection Practices Act fails as a matter of law. The claim fails because any allegedly unfair practice occurred in a pleading submitted to the Spokane County Superior Court. Such judicial pleadings are "supervised by the court and monitored by counsel," *see Argentieri*, 15 F.Supp.2d at 62, and are therefore not debt-collection activities within the meaning of the Act.

This is not to suggest that abusive or fraudulent pleading practices are to be tolerated. It is merely to say that they are not to be policed with a statute designed to protect consumers from abusive debt-collection practices. As the District Court of Massachusetts has explained:

> The courts have their own system of protections against abusive tactics that occur during litigation. A grossly exaggerated debt or unfounded claim in a pleading could represent abuse of process, and subject the attorney or client to sanctions or other disciplinary mechanisms. Given these protections, when a claim is made to the court, there is no need to invoke the protections of a statute designed to protect consumers from unscrupulous, unsupervised debt-collection tactics such as threats of violence and harassing telephone calls.

*Argentieri*, 15 F.Supp.2d at 62.

Because Plaintiff alleges only that Defendant made improper claims for fees in a legal pleading submitted to the Spokane County Superior Court, and because he nowhere alleges that Defendant subjected him to "threats of violence and harassing telephone calls" or similar abuses, *id.* at 62, his claim under the Fair Debt Collection Practices Act fails. Dismissal of the complaint is proper.

//

//

## V. CONCLUSION

For the reasons explained above, the Court hereby GRANTS Defendant's motion to dismiss (Dkt. No. 4). The Court therefore DISMISSES this matter with prejudice.

The Clerk of the Court shall STRIKE all pending motions as moot.

SO ORDERED this 25th day of January, 2011.

JOHN C. COUGHENOUR
United States District Judge